Filed 1/8/26  P. v. Granados CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G064533 |
| v. | (Super. Ct. No. 22NF3173) |
| RICHARD GRANADOS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Lewis W. Clapp, Judge. Affirmed.

James M. Kehoe, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Assistant Attorneys General, Collette C. Cavalier and Emily Reeves, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \*

Defendant Richard Granados was convicted of one count of attempted murder of Mario M. (Pen. Code, §§ 664, subd. (a), 187, subd. (a); count 1),[1] one count of assault with a deadly weapon on Mario M. (§ 245, subd. (a)(1); count 2), one count of battery with serious bodily injury on Mario M. (§ 243, subd. (d); count 3), and one count of assault with a deadly weapon on Tim O. (§ 245, subd. (a)(1); count 4). The jury also found true allegations that defendant personally used a dangerous or deadly weapon with respect to count 1 (§ 12022, subd. (b)(1)) and personally inflicted great bodily injury with respect to counts 1, 2, and 4 (§ 12022.7, subd. (a).)

The court sentenced defendant to state prison for a total term of 15 years as follows: (1) seven years on count 2, which consisted of the low-term doubled because of a prior strike, plus three years for the great bodily injury enhancement; (2) three years on count 4, which consisted of one-third the midterm doubled for a prior strike, plus one year for the great bodily injury enhancement; and (3) a five-year enhancement based on a prior conviction (§ 667, subd. (a)(1)). The court also stayed sentence on counts 1 and 3 along with the corresponding enhancements pursuant to section 654.

On appeal, defendant contends the court abused its discretion by denying his *Romero*[2] motion. He also requests this court independently review the sealed transcript of an in-camera hearing and related materials to determine whether any discoverable material was improperly withheld from the defense.

---

[1] All further statutory references are to the Penal Code.

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

For the reasons below, the court did not err by denying defendant's *Romero* motion and declining to strike his prior strike conviction. The prosecutor also did not improperly withhold discoverable material. We accordingly affirm the judgment.

## STATEMENT OF FACTS

In September 2022, defendant stabbed two individuals, Mario M. and Tim O., at a park. One witness, Donald R., went to the park to meet with Mario M. Both were homeless. When Donald R. arrived at the park, he played horseshoes with Tim O. Donald R. then saw Mario M. walking and being followed by defendant. He also observed Mario M. cough or sneeze followed by "a big burst of red."

Another witness, Steve G., described two people arguing. He believed Mario M. told defendant, "'Leave me alone.'" He saw Mario M., who seemed frightened, trying to get away from defendant while holding onto his stomach.

After defendant attacked Mario M., Tim O. ran over toward defendant, and defendant lunged at Tim O. with a black knife. Donald R. saw blood squirting from Tim O.'s back. Although Donald R. tried to give a knife to Tim O. to defend himself, Tim O. did not take the knife. Steve G. likewise saw defendant stab Tim O. more than once.

According to Steve G., a woman told defendant, "'Come on, let's go, let's go. Let's get out of here.'" The woman further said, "'What's wrong with you?'" Donald R. later saw the woman and defendant leave the park.

Tim O. left the park with his girlfriend. Mario M. went to a nearby property and asked for help. The homeowner noticed Mario M. was bleeding profusely from his neck and was trying to apply pressure to his wound.

When Mario M. was taken to the hospital, he was unstable and bleeding from his face and neck. He needed multiple blood transfusions, a breathing tube, and an operation because he was bleeding from an artery. The doctor who operated on Mario M. described his injuries as life-threatening. Mario M. told officers he was sleeping when someone stabbed him in the neck.

Tim O. suffered four wounds that required sutures. He was stabbed on his neck, left shoulder, left scapula in the back, and his arm. He told officers that he went to the park to play horseshoes and was approached by a "suspicious man." The man walked past him, and it felt like he was being slapped.

When police officers arrived at the park, they interviewed Donald R., who described defendant's clothing. An officer saw defendant and a woman lying in the grass near a trashcan. It appeared as if defendant was pretending to sleep. An officer also found a jacket stained with blood and other clothes in a trashcan at the crime scene. Evidence suggested defendant's DNA was a major contributor to an unstained portion of the jacket and that Tim O.'s DNA was a major contributor to the blood-stained portion of the jacket.

## DISCUSSION

## I.

### THE COURT DID NOT ERR BY DECLINING TO STRIKE A PRIOR CONVICTION

Defendant argues the court erred by denying his request to strike his prior strike conviction without considering the remoteness of the offense and his age at the time of the offense. He also argues the court erred by not considering the factors set forth in section 1385, subdivision (c). We disagree.

## A. Relevant Background

Defendant had one prior strike conviction, a robbery pursuant to section 211/212.5, subdivision (c). At sentencing, he requested the court strike his prior strike conviction pursuant to section 1385 and *Romero, supra,* 13 Cal.4th 497. Among other things, defendant's counsel emphasized the prior strike conviction was over 20 years old and that defendant suffered from childhood trauma. She also noted defendant completed the Delancey Street program and remained sober until he relapsed, ultimately committing the crimes involved in the instant case.

The court declined to strike the prior strike conviction. It acknowledged defendant had experienced childhood trauma, homelessness, and addiction, which it characterized as mitigating factors. But the court emphasized the egregiousness of defendant's conduct, his danger to public safety, his criminal history, and lack of an apparent motive for committing the offenses. It also explained: "I'm trying to be as fair as I can to [defendant], understanding his trauma as a child and what he's been through over the years and his attempts to rehabilitate himself, but also understanding the serious injuries he caused to these two other homeless men there in the park – at least one of them was homeless – and the threat he posed to the community and the threat he may continue to pose given his most recent assaultive behavior while in the jail." Regarding the recent assaultive behavior, the court and parties discussed defendant's pending case involving a jail fight.

## B. Applicable Law and Standard of Review

A trial court has discretion to strike a prior strike under the Three Strikes law "in furtherance of justice" pursuant to section 1385, subdivision (a). (*Romero, supra,* 13 Cal.4th at pp. 529–531.) "[I]n ruling

whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding under the Three Strikes law, on its own motion, 'in furtherance of justice' . . ., or in reviewing such a ruling, the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

"[A] court's failure to dismiss or strike a prior conviction allegation is subject to review under the deferential abuse of discretion standard." (*People v. Carmony* (2004) 33 Cal.4th 367, 374.) "[A]n appellate court may not substitute its judgment about appropriate sentencing for that of the trial court, but instead must give due regard to the discretion vested in that court. [Citations.] The appellate court can find a reversible abuse of discretion only if it concludes that no reasonable judge would have agreed with the trial court's decision." (*People v. Dain* (2025) 18 Cal.5th 246, 258.) Accordingly, "a trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances. For example, an abuse of discretion occurs where the trial court was not 'aware of its discretion' to dismiss [citation], or where the court considered impermissible factors in declining to dismiss." (*Carmony*, at p. 378.)

C.  *The Court Considered Proper Factors*

Here, the trial court properly exercised its discretion to not strike defendant's prior strike conviction. The court considered the nature and circumstances of the present crimes, noting defendant stabbed the first

6

victim in the neck and hit an artery while also stabbing the second victim multiple times. The court added that it "didn't even see a motive" for defendant's actions. The court further noted defendant had another pending case involving a jail fight. As to defendant's background, the court acknowledged defendant's childhood trauma, history of substance abuse, and homelessness. When defendant's counsel noted the prior strike conviction was "a 20–year–old strike[,]" the court recognized this fact but still explained why it would not strike the prior strike conviction.

Defendant argues the court erred by not considering his age at the time of the prior strike and the "remoteness" of the offense. He emphasizes he was 25 years old when he committed the prior offense. These facts do not mandate a finding that the trial court abused its discretion. (*See People v. Nunez* (2023) 97 Cal.App.5th 362, 372 ["fact that [defendant's] strike conviction occurred in 1990 when he was only 18 years old does not compel a different result"].)

*People v. Avila* (2020) 57 Cal.App.5th 1134 (*Avila*), which defendant cites, is inapposite. In *Avila*, the trial court did not consider that the defendant's prior strikes were remote in time and "mistakenly believed" it could not consider that defendant committed those crimes when he was under 21 years old. (*Avila*, at pp. 1141–1442.) The trial court also primarily relied on the nature of the defendant's current offenses, mischaracterized those offenses, and speculated what may have happened if someone had not called the police. (*Id.* at p. 1142.) Given these facts, the *Avila* court concluded the trial court abused its discretion by denying the defendant's *Romero* motion. (*Id.* at p. 1145.)

Unlike the trial court in *Avila*, the trial court in this case considered the remoteness of the prior strike, and nothing in the record

7

suggests the trial court disregarded defendant's age at the time of the prior offense. At the sentencing hearing, defendant's counsel requested the court strike the prior strike conviction because it was 20 years old. The court responded: "*I recognize that*, but I am going to impose both. I believe that the [c]ourt is already giving him the benefit of all of the mitigation that you have presented, including his juvenile history and the programming that he's done since he's been in custody." (Italics added.) Immediately before this comment, the court noted defendant "was born in '79" and confirmed that he was 45 years old.

In any event, *Avila* recognized a defendant's age and the length of time since the prior offenses could be factors in mitigation, but it did not hold these circumstances always require finding an abuse of discretion. (*Avila, supra*, 57 Cal.App.5th at p. 1141 [noting "remoteness remains a factor in mitigation" and it was "significant that [defendant] committed his prior strikes when he was under the age of 21"].) *Avila* recognized the defendant's current offense was not violent or brutal. (*Id.* at p. 1142.) The circumstances here are different. Defendant's present offenses involved assault with a deadly weapon and great bodily injury. Defendant also does not suggest the court mischaracterized the nature of his current offenses like the trial court in *Avila*.

Defendant next contends the court should have considered the factors set forth in section 1385, subdivision (c), which was added by Senate Bill No. 81 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1). Section 1385, subdivision (c)(1) provides: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." Section 1385, subdivision (c)(2) states: "[T]he court shall consider and afford

great weight to evidence offered by the defendant to prove [specified] mitigating circumstances."

Section 1385, subdivision (c) applies only to the dismissal of an enhancement, and a sentence under the Three Strikes law is not an enhancement. (*People v. Dowdy* (2024) 107 Cal.App.5th 1, 9 ["It is well established, however, that section 1385, subdivision (c) applies by its terms to a sentence 'enhancement,' but not to a sentence derived from the alternative sentencing scheme of the Three Strikes law"]; *People v. Olay* (2023) 98 Cal.App.5th 60, 64–69 ["section 1385, subdivision (c) does not apply to the Three Strikes law"]; *People v. Burke* (2023) 89 Cal.App.5th 237, 243 ["the Three Strikes law is not an enhancement; it is an alternative sentencing scheme"].) "If the Legislature had wanted section 1385, subdivision (c) to apply to prior strikes as well as to enhancements as legally defined, it would have said so." (*Olay*, at p. 67.)

In short, the court did not err by declining to strike defendant's prior strike conviction.

## II.

### THE PROSECUTOR DID NOT IMPROPERLY WITHHOLD DISCOVERABLE MATERIAL

*A. Relevant Background*

In October 2023, the prosecution asked the court to conduct an in-camera hearing pursuant to section 1054.7.[3] The prosecutor stated he believed "there [was] no discovery obligation" but "want[ed] to create a record

---

[3] Section 1054.1 identifies information a prosecutor must disclose to the defense in discovery. Section 1054.7 establishes a procedure whereby the prosecution may ask the court to deny, restrict, or defer disclosures if good cause is shown.

of it in the abundance of caution." He noted he would file a declaration under seal, and the court agreed to review the declaration.

On October 11, 2023, the court conducted an in-camera hearing without defense counsel present. Our independent review of the reporter's transcript of the in-camera proceeding shows the court reviewed the prosecutor's sealed declaration and concluded the defense was not being deprived of *Brady* material.[4]

*B. Analysis*

Defendant asks this court to independently review the materials and sealed transcript of the in-camera hearing to determine whether any discoverable material was improperly withheld. The Attorney General does not oppose defendant's request.

Under *Brady*, "a criminal defendant has a federal due process right to pretrial discovery of material information favorable to his defense." (*People v. Deleoz* (2022) 80 Cal.App.5th 642, 655–656 (*Deleoz*).) "The government's duty of disclosure encompasses both 'exculpatory evidence that casts doubt on the defendant's guilt and impeaching evidence that calls into question the credibility of government witnesses.' [Citations.] Evidence is material within the definition ascribed by the Supreme Court "'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'"'" (*Id.* at p. 656.) "The United States Supreme Court has identified three components of a *Brady* violation: (1) the evidence at issue must be favorable to the accused because it is exculpatory or impeaching; (2) the evidence must have been suppressed by the state, either willfully or inadvertently; and (3) the defendant must have

---

[4] *Brady v. Maryland* (1963) 373 U.S. 83 (*Brady*).

10

been prejudiced by the nondisclosure. [Citation.] 'Prejudice' in the context of a potential *Brady* violation turns 'on "the materiality of the evidence to the issue of guilt and innocence."'" (*Ibid.*)

California law also ""'independently requires the prosecution to disclose to the defense . . . certain categories of evidence 'in the possession of the prosecuting attorney or [known by] the prosecuting attorney . . . to be in the possession of the investigating agencies.'""" (*Deleoz, supra*, 80 Cal.App.5th at p. 657.) The required disclosures must "be made at least 30 days prior to the trial, unless good cause is shown why a disclosure should be denied, restricted, or deferred." (§ 1054.7.) "'Good cause' is limited to threats or possible danger to the safety of a victim or witness, possible loss or destruction of evidence, or possible compromise of other investigations by law enforcement." (*Ibid.*) "If the court enters an order granting relief following a showing in camera, the entire record of the showing shall be sealed and preserved in the records of the court, and shall be made available to an appellate court in the event of an appeal or writ." (*Ibid.*)

We generally review a trial court's ruling on discovery matters for an abuse of discretion. (*People v. Ayala* (2000) 23 Cal.4th 225, 299.) "[W]e independently review whether a *Brady* violation occurred, giving great weight to the trial court's findings of fact if they are supported by substantial evidence." (*Deleoz, supra*, 80 Cal.App.5th at pp. 656–657.) A violation of California's reciprocal discovery statute "constitutes reversible error only where it is reasonably probable, by state law standards, that the omission affected the trial result." (*Id.* at p. 658.)

We have independently reviewed the sealed transcript of the in-camera hearing on October 11, 2023 as well as the sealed declaration. We conclude the prosecution was not required to disclose the information

11

identified by the prosecution at the in-camera hearing under either *Brady* or section 1054.1, and there was no violation of defendant's due process or discovery rights.

DISPOSITION

The judgment is affirmed.


SANCHEZ, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


GOODING, J.